No. 646 July 8, 2026 381

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRUCE ALDON TURNIDGE,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
17CV05442; A184550

Roxanne B. Osborne, Senior Judge.

Argued and submitted June 2, 2026.

W. Edward Neusteter argued the cause and filed the reply brief for appellant. On the opening brief was Daniel J. Casey.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Robert Hansler, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks reversal of a judgment denying him post-conviction relief from his convictions for 10 counts of aggravated murder and other felonies stemming from a bomb discovered at a bank in Woodburn. Following a joint trial, petitioner and his son were found criminally responsible for the bomb detonating, killing two law-enforcement officers and injuring two others. Petitioner raises ten assignments of error alleging inadequate and ineffective assistance of trial and appellate counsel and various due process violations. We affirm.

We review a post-conviction court's grant or denial of relief for legal error, accepting the court's implicit and explicit factual findings if there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief for an ineffective or inadequate assistance of counsel claim under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent").

*First Assignment of Error.* In his first assignment of error, petitioner argues that his Sixth Amendment right to choose the objective of his defense was violated because his "fundamental objective at trial was for his lawyers to prove his innocence" and instead trial counsel focused on petitioner's mental state, and thus "essentially conceded" that petitioner and his son had constructed and placed the bomb. Assuming without deciding that petitioner's claim is not procedurally barred, we reject it on the merits because we disagree with petitioner's characterization of the record. As the post-conviction court found, petitioner's expressed goal to trial counsel was to "put the state to its burden of proof," not establish actual innocence, and trial counsel did, in fact, argue multiple times that the evidence in the case did not show that petitioner built or placed a bomb.

*Second Assignment of Error.* Second, petitioner argues that his trial counsel was ineffective for pursuing a "legally incorrect defense" because the defense that counsel pursued—that one of the victim's own recklessness was the actual cause of his death—was foreclosed by *State v. Murray*, 343 Or 48, 56, 162 P3d 255 (2007). We disagree. *Murray* involved causation—not intent—and an attorney exercising reasonable professional skill could argue, as petitioner's trial counsel did, that petitioner lacked the requisite intent for aggravated murder. *See Antoine v. Taylor*, 368 Or 760, 778-79, 499 P3d 48 (2021) (petitioner's reading of then-existing case law was not "so obvious" that all reasonable attorneys would have read it the same way).

*Third Assignment of Error.* Third, petitioner argues that trial counsel was deficient for failing to investigate and present certain types of evidence that could have challenged the state's case, including evidence of his political views, the connection between petitioner and a second property (Potts Road) where the state alleged that the bomb was built, and evidence about how the bomb was constructed. Assuming without deciding that such a failure was unreasonable, the post-conviction court correctly found that petitioner failed to establish prejudice. In several instances, the evidence petitioner believes his trial counsel should have obtained would have been cumulative of then-existing evidence or too minor to have made a difference. *See Richardson v. Belleque*, 362 Or 236, 255, 406 P3d 1074 (2017) (counsel can suspend further "fruitless" investigation (internal quotation marks omitted)). Additionally, petitioner offers no evidence to challenge two of the most damaging pieces of forensic evidence connecting Potts Road to the blast site: (1) the consistent roller pattern on pieces of metal recovered from Potts Road and the blast site and (2) the visually, chemically, and elementally consistent green paint from the plywood at Potts Road with the bomb fragments. Without being able to challenge that incriminating evidence, petitioner cannot prove that challenging some other aspect of the state's forensic case concerning Potts Road could have tended to affect the verdict.

*Fourth and Fifth Assignments of Error.* Petitioner next contends that his trial counsel was ineffective for

failing to adequately address his hearing impairment at trial, and his due process rights were violated by being subjected to a trial in which his disability was not accommodated. Petitioner's due process claim is barred by *Palmer v. State of Oregon*, 318 Or 352, 355-62, 867 P2d 1368 (1994) and ORS 138.550(2), because petitioner could have reasonably objected at trial and on appeal if he believed his hearing impairment was depriving him of a fair trial, or, in the alternative, meritless. Petitioner was able to raise concerns related to his hearing impairment to the trial court—and, in fact, did raise such concerns, and received devices to assist his hearing. Indeed, at numerous times throughout petitioner's proceedings, the trial court asked petitioner if he was able to hear, and petitioner responded that he could.

Petitioner's ineffective-assistance claim was correctly rejected by the post-conviction court because petitioner failed to demonstrate that his attorney performed deficiently. The post-conviction court found that trial counsel knew of petitioner's hearing impairment, had petitioner evaluated, accommodated his impairment with a listening device, and assigned a dedicated defense team member to handle any issues petitioner had with his hearing aids during trial. The court further found that, based on petitioner's participation in the trial, trial counsel had no reason to believe that additional assistance was needed. Those findings are supported by evidence in the record and are therefore binding.

*Sixth Assignment of Error.* In his sixth assignment of error, petitioner argues that the post-conviction court erred in denying him relief on his due process claim under *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). Petitioner argues that the prosecution delayed disclosure of notes taken by a law enforcement official during joint meetings of law enforcement, and ultimately failed to disclose full, unredacted copies of the notes that contained exculpatory and impeachment information. The superintendent argues that petitioner failed to prove any *Brady* violation. We agree.

To prove a *Brady* violation, petitioner needed to show that the state suppressed material, favorable evidence

and that prejudice resulted. *State v. Deloretto*, 221 Or App 309, 321, 189 P3d 1243 (2008), *rev den*, 346 Or 66 (2009) (citing *Brady*, 373 US at 87). Here, the state did not suppress any evidence—material or otherwise—in a manner that would amount to a *Brady* claim because it submitted the notes at issue to the court for *in camera* inspection and let the court ultimately determine the extent of the redaction. *See Strickler v. Greene*, 527 US 263, 281-82, 119 S Ct 1936, 144 L Ed 2d 286 (1999) (a "true *Brady* violation" occurs only if the state suppressed evidence, "either willfully or inadvertently").

 *Seventh and Eighth Assignments of Error.* In his seventh assignment of error, petitioner argues that the post-conviction court erred in denying him relief on his due process claim that the prosecution "leveraged its delayed disclosures and nondisclosures by presenting evidence, and asking the jury to reach conclusions or draw inferences, that the prosecution knew were false." *See Napue v. Illinois*, 360 US 264, 269, 79 S Ct 1173, 3 L Ed 2d 1217 (1959) (holding that the state violates a criminal defendant's due process rights when it knowingly relies on materially false evidence). In his eighth assignment of error, petitioner contends that his trial counsel was deficient for failing to object to closing argument to preserve that *Napue* claim.

 The post-conviction court expressly found that petitioner "failed to offer sufficiently persuasive evidence to prove that the state elicited any false testimony or testimony the prosecutor or prosecution team knew was false." The record supports a finding that the state did not elicit false testimony or testimony the prosecution knew was false, and that finding is binding on appeal.

 *Ninth Assignment of Error.* In his ninth assignment of error, petitioner argues that the post-conviction court erred in denying his standalone due process claim based on juror misconduct. Petitioner's argument is reliant on the post-conviction testimony of a juror from his criminal trial, in which the juror testified that she abused prescription medication and, as a result, was impaired during petitioner's trial. The post-conviction court, however, expressly found that juror to not be credible, and we are unwilling

and unable to disturb the post-conviction court's credibility finding. *Zyst v. Kelly*, 338 Or App 597, 639, 566 P3d 1121, *rev den*, 374 Or 188 (2025) (supported credibility findings by the post-conviction court are binding on this court).

  *Tenth Assignment of Error.* Lastly, petitioner argues that his appellate counsel, on direct appeal, was ineffective for failing to assign error to the trial court's denial of his motion to suppress evidence found at Potts Road. We disagree. Given the unchallenged evidence connecting the bomb to petitioner and petitioner to Potts Road, appellate counsel acting competently could decide that assigning error to that denial would weaken the force of defendant's stronger arguments on appeal. *See Mesta v. Franke*, 261 Or App 759, 783 n 7, 322 P3d 1136 (2014) (noting that "winnowing out weaker arguments on appeal" is "the hallmark of effective appellate advocacy" (internal quotation marks omitted)); *see also State v. Lovaina-Burmudez*, 257 Or App 1, 12-19, 303 P3d 988, *rev den*, 354 Or 148 (2013) (explaining inevitable discovery doctrine).

  Affirmed.